1

CHAIN | COHN | STILES
David K. Cohn, Esq. (SBN 68768) | dcohn@chainlaw.com

2

Neil K. Gehlawat, Esq. (SBN 289388) | ngehlawat@chainlaw.com

3

1731 Chester Avenue
Bakersfield, CA 93301

4

Telephone:      (661) 323-4000
Facsimile:      (661) 324-1352

5

6

THE LAW OFFICE OF THOMAS C. SEABAUGH
Thomas C. Seabaugh, Esq., SBN 272458 | tseabaugh@seabaughfirm.com

7

128 North Fair Oaks Avenue
Pasadena, California 91103

8

Telephone: (818) 928-5290

9

Attorneys for Plaintiff

10

11

UNITED STATES DISTRICT COURT

12

EASTERN DISTRICT OF CALIFORNIA

13

14

JANE DOE, an individual,

CASE NO. 1:15-CV-01637-DAD-JLT

15

Plaintiff,

**PROTECTIVE ORDER**

16

v.

(Doc. 28)

17

COUNTY OF KERN, a municipality;

18

CESAR NAVEJAR, an individual; and
DOES 1-10,

19

Defendants.

20

**COME NOW** the Parties in this matter and jointly present this Protective Order for the

21

Court's approval.

22

**PROTECTIVE ORDER**

23

**1.      PURPOSE AND LIMITATIONS**

24

Disclosure and discovery activity in this action are likely to involve production of

25

confidential, proprietary, or private information for which special protection from public

26

disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

27

Accordingly, the Parties in Jane Doe v. County of Kern and Cesar Navejar, USDC Eastern District

28

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

-1-
PROTECTIVE ORDER

1 of California Case No. 1:15-CV-01637-DAD-JLT petitioned the Court to enter the following

2 Protective Order.  Good Cause appearing, the Court ORDERS as follows:

3       This Order does not confer blanket protections on all disclosures or responses to discovery

4 and that the protection it affords from public disclosure and use extends only to the limited

5 information or items that are entitled to confidential treatment under the applicable legal

6 principals.  As set forth in Section 12.3, below, this Protective Order does not entitle the parties to

7 file confidential information under seal.

8 **2.       DEFINITIONS**

9       2.1     Challenging Party: a Party or Non-Party that challenges the designation of

10 information or items under this Order.

11      2.2     "CONFIDENTIAL" Information or items: information (regardless of how it is

12 generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

13 of Civil Procedure26(c).

14      2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as

15 well as their support staff).

16      2.4     Designating party: a Party or Non-Party that designates information or items that it

17 produces in disclosures or in responses to discovery as "CONFIDENTIAL."

18      2.5     Disclosure or Discovery Material: all items or information, regardless of the

19 medium or manner in which it is generated, store, or maintained (including, among other things,

20 testimony, transcripts, and tangible things), that are produced or generated in disclosures or

21 responses to discovery in this matter.

22      2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to

23 the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

24 consultant in this action.

25      2.7     House Counsel:  attorneys who are employees of a party to this action.  House

26 Counsel does not include Outside Counsel of Record or any other outside counsel.

27      2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal

28 entity not names as a Party to this action.

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

1    2.9    Outside Counsel of Record: attorneys who are not employees of a party to this

2  action but are retained to represent or advise a party to this action and have appeared in this action

3  on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

4    2.10    Party:  any party to this action, including all of its officers, directors, employees,

5  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

6    2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

7  Material in this action.

8    2.12    Professional Vendors:  persons or entities that provide litigation support services

9  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

10  organizing, storing, or retrieving data in any form or medium) and their employees and

11  subcontractors.

12    2.13    Protected Material:  any Disclosure or Discovery Material that is designated as

13  "CONFIDENTIAL."

14    2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

15  Producing Party.

16  **3.    SCOPE**

17    The protections conferred by this Order cover not only Protected Material (as defined

18  above), but also (1) any information copied or extracted from Protected Material; (2) all copies,

19  excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations,

20  or presentations by Parties or their Counsel that might reveal Protected Material.  However, the

21  protections conferred by this Order do not cover the following information: (a) any information

22  that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the

23  public domain after its disclosure to a Receiving Party as a result of publication not involving a

24  violation of this Order, including becoming part of the public record through trial or otherwise;

25  and (b) any information known to the Receiving Party prior to the disclosure or obtained by the

26  Receiving Party after the disclosure from a source who obtained the information lawfully and

27  under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at

28  trial shall be governed by a separate agreement or order.

4.      **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      **DESIGNATING PROTECTED MATERIAL**

      **5.1      Exercise of Restraint and care in Designating Material for Protection**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protections only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiable within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are sworn to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protections do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

      **5.2      Manner and Timing of Designations**

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2 (a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protections under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with Order requires:

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

-4-
PROTECTIVE ORDER

1    (a)    For information in documentary form (e.g., paper or electronic documents,

2    but excluding transcripts  of depositions or other pretrial or trial proceedings), that

3    the Producing Party affix the legend "CONFIDENTIAL" to each page that contains

4    protected material.  If only a portion or portions of the material on a page qualifies

5    for protection the Producing Party also must clearly identify the protected

6    portion(s) (e.g., by making appropriate markings in the margins).  A Party or Non-

7    Party that makes original documents or materials available for inspection need not

8    designate them for protection until after the inspecting Party has indicated which

9    material it would like copied and produced.  During the inspection and before the

10    designation, all of the material made available for inspection shall be deemed

11    "CONFIDENTIAL."  After the inspecting Party has identified the documents it

12    wants copied and produced, the Producing Party must determine which documents,

13    or portions thereof, qualify for protection under this Order.  Then, before producing

14    the specified documents, the Producing Party must affix the "CONFIDENTIAL"

15    legend to each page that contains Protected Material.

16    If only a portion or portions of the material on a page qualifies for protection, the Producing Party

17    also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

18    margins).

19    (b)    for testimony given in deposition or in other pretrial or trial proceedings,

20    that the Designating Party identify on the record, before the close of the deposition,

21    hearing, or other proceeding, all protected testimony.

22    (c)    for information produced in some form other than documentary and for any

23    other tangible items, that the Producing Party affix in a prominent place on the

24    exterior of the container or containers in which the information or item is stored the

25    legend "CONFIDENTIAL."  If only a portion or portions of the information or

26    item warrant protection, the Producing Party, to the extent practicable, shall

27    identify the protected portion(s).

28

1

### 5.3    Inadvertent Failures to Designate

2    If timely corrected, an inadvertent failure to designate qualified information or items does

3 not, standing alone, waive the Designating Party's right to secure protection under this Order for

4 such material.  Upon timely correction of a designation, the Receiving Party must make reasonable

5 efforts to assure that the material is treated in accordance with the provisions of this Order.

6 **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7    ### 6.1    Timing of Challenges

8    Any Party may challenge a designation of confidentiality at any time.  Unless a prompt

9 challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable,

10 substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the

11 litigation, the challenge must be brought within a reasonable time or it is waived.

12    ### 6.2    Meet and Confer

13    The Challenging Party shall initiate the dispute resolution process by providing written

14 notice of each designation it is challenging and describing the basis for each challenge.  To avoid

15 ambiguity as to whether a challenge has been made, the written notice must recite that the

16 challenge to confidentiality is being made in accordance with this specific paragraph of the

17 Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin

18 the process by conferring directly (in voice to voice dialogue; other forms of communication are

19 not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party

20 must explain the basis for its belief that the confidentiality designation was not proper and must

21 give the Designating Party an opportunity to review the designated material, to reconsider the

22 circumstances, and, if no change in designation is offered, to explain the basis for the chosen

23 designation.  A Challenging Party may proceed to the next state of the challenge process only if it

24 has engaged in this meet and confer process first or establishes that the Designating Party is

25 unwilling to participate in the meet and confer process in a timely manner.

26    ### 6.3    Judicial Intervention

27    If the Parties cannot resolve a challenge after meeting and conferring, the Challenging

28 Party SHALL initiate an informal, telephonic conference with the assigned Magistrate Judge.  At

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

1  that conference, the Court will attempt to resolve the matter without need for formal motion

2  practice.  If, in the Court's view, the matter can only be resolved through formal motion practice,

3  the Court will authorize the Challenging party to file a motion which SHALL comply with Local

4  Rule 251(c).

5       As with motions to compel, the Challenging Party SHALL bear the initial burden of

6  demonstrating that the Designating Party has improperly marked the material as confidential.  If

7  this showing is made, the burden will shift and as with motions for protective orders under Federal

8  Rules of Civil Procedure 26(c), the burden of establishing the need for the confidentiality – as with

9  any evidentiary privilege – must be borne by the Designating Party who is asserting it.  Frivolous

10  challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary

11  expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties

12  shall continue to afford the material in question the level of protection to which it is entitled under

13  the Producing Party's designation until the Court rules on the challenge.

14  **7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

15       **7.1**     **Basic Principles**

16       A Receiving Party may use Protected Material that is disclosed or produced by another

17  Party or by a Non-Party in connection with this this case only for prosecuting, defending, or

18  attempting to settle this litigation.  Such Protected Material may be disclosed only to the

19  categories of persons and under the conditions described in this Order.  When the litigation has

20  been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

21  DISPOSITION).

22       Protected Material must be stored and maintained by a Receiving Party at a location and in

23  a secure manner that ensures that access is limited to the persons authorized under this Order.

24       **7.2**     **Disclosure of "CONFIDENTAL" Information or Items**

25       Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

26  Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

27       (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

28  employees of said Outside Counsel of Record to whom it is reasonably necessary to

1    disclose the information for this litigation and who have signed the "Acknowledgement

2    and Agreement to Be Bound" that is attached hereto as Exhibit A;

3          (b)     the officers, directors, and employees (including House Counsel) of the

4    Receiving Party to whom disclosure is reasonably necessary for this litigation and who

5    have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6          (c)     Experts (as defined in this Order) of the Receiving Party to whom

7    disclosure is reasonably necessary for this litigation and who have signed the

8    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9          (d)     the court and its personnel;

10         (e)     court reporters and their staff, professional jury or trial consultants, mock

11   jurors, and Professional Vendors to whom disclosure is reasonably necessary for this

12   litigation and who have signed the "Acknowledgement and Agreement to Be Bound"

13   (Exhibit A);

14         (f)     during their depositions, witnesses in the action whom disclosure is

15   reasonably necessary and who have signed the "Acknowledgement and Agreement to Be

16   Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the

17   court.  Pages transcribed deposition testimony or exhibits to depositions that reveal

18   Protected Material must be separately bound by the court reporter and may not be

19   disclosed to anyone except as permitted under this Protective Order.

20         (g)     the author or recipient of a document containing the information or a

21   custodian or other person who otherwise possessed or knew the information.

22   **8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>**

23   **<u>OTHER LITIGATION</u>**

24         If a Party is served with a subpoena or a court order issued in other litigation that compels

25   disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

26   must:

27         (a)     promptly notify in writing the Designation Party.  Such notification shall

28   include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party who's Protected Material may be affected.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-party not to produce the Non-Party's confidential information, then the Party shall:

(1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

1        (2)     promptly provide the Non-Party with a copy of the Protective Order

2 in this litigation, the relevant discovery request(s), and a reasonably specific

3 description of the information requested; and

4        (3)     make the information requested available for inspection by the Non-

5 Party.

6     (c)     If the Non-Party fails to object or seek a protective order from this court

7 within 14 days of receiving the notice and accompanying information, the Receiving Party

8 may produce the Non-Party's confidential information responsive to the discovery request.

9 If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any

10 information in its possession or control that is subject to the confidentiality agreement with

11 the Non-Party before a determination by the court.  Absent a court order to the contrary,

12 the Non-Party shall bear the burden and expense of seeking protection in this court of its

13 Protected Material.

14 **10.**     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

15 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

16 Material to any person or in any circumstance not authorized under this Protective Order, the

17 Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

18 disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

19 inform the person or persons to whom unauthorized disclosures were made of all the terms of this

20 Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement

21 to Be Bound" that is attached hereto to as Exhibit A.

22 **11.**     **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

23 **PROTECTED MATERIAL**

24 When a Producing Party gives notice to Receiving Parties that certain inadvertently

25 produced material is subject to a claim of privilege or other protection, the obligations of the

26 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

27 provision is not intended to modify whatever produce may be established in an e-discovery order

28 that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

PROTECTIVE ORDER

502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

communication or information covered by the attorney-client privilege or work product protection,

the parties may incorporate their agreement in the stipulated protective order submitted to the

Court.

## 12.     MISCELLANEOUS

### 12.1     Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the court

in the future.

### 12.2     Right to Assert Other Obligations

The entry of this Protective Order does not imply and Party's waiver of any right it

otherwise would have to object to disclosing or producing any information or item on any ground

not addressed in this Protective Order.  Similarly, no Party waives any right to object on any

ground to use in evidence of any of the material covered by this Protective Order.

### 12.3     Filing Protected Material

Without written permission from the Designating Party or a court order secured after

appropriate notice to all interested persons, a Party may not file in the public record in this action

any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

with the applicable local rules.  Protected Material may only be filed under seal pursuant to a court

order authorizing the sealing of the specific Protected Material at issue.  A sealing order will issue

only upon a request establishing that the Protected Material at issue is privileged, protectable as a

trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file

Protected Material under seal is denied by the court, then the Receiving Party may file the

information in the public record unless otherwise instructed by the court.

## 13.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each

Receiving Party must return all Protected Material to the Producing Party or destroy such material.

As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected Material.  Whether

1 the Protected Material is returned or destroyed, the Receiving Party must submit a written

2 certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

3 by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected

4 Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

5 any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

6 of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an

7 archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

8 memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product,

9 and consultant and expert work product, even if such materials contain Protected Material.  Any

10 such archival copes that contain or constitute Protected Material remain subject to this Protective

11 Order as set forth in Section4 (DURATION).

12 DATED:        July __, 2016                         CHAIN | COHN | STILES

13                                                                            */s/ Neil K. Gehlawat*
14                                                                 BY: _____
                                                                        Neil K. Gehlawat
15                                                                       Attorney for Plaintiff

16 DATED:        July __, 2016                         LAW OFFICE OF THOMAS C.
                                                                   SEABAUGH
17
                                                                            */s/ Thomas C. Seabaugh*
18                                                               BY: _____
                                                                        Thomas C. Seabaugh
19                                                                     Attorney for Plaintiff

20 DATED:        July __, 2016                         COUNTY COUNSEL, COUNTY OF KERN

21
                                                                            */s/ Marshall S. Fontes*
22                                                               BY: _____
                                                                        Marshall S. Fontes
23                                                                     Attorney for Defendant, County of Kern

24 DATED:        July __, 2016                         WEAKLEY & ARENDT. LLP

25
                                                                            */s/ James D. Weakley*
26                                                               BY: _____
                                                                        James D. Weakley
27                                                                     Attorney for Defendant, Cesar Navejar

28

1

2  IT IS SO ORDERED.

3      Dated:    **July 18, 2016**                          **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the Unites States District Court for the Eastern District of California on _____, 2016 in the case of Jane Doe v. County of Kern and Cesar Navejar, USDC Eastern District of California Case No. 1:15-CV-01637-DAD-JLT.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any matter any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print/type full name] of _____ [print/type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date:_____

City and State were sworn and signed: _____

Printed name: _____

Signature: _____

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000