**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, | ) Case No.: 1:15-cv-01637 - JLT |
| Plaintiff, | ) |
| | ) PRETRIAL ORDER |
| v. | ) |
| | ) |
| COUNTY OF KERN, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

The plaintiff claims that while she was a minor and housed at Juvenile Hall, defendant Navejar, a Kern County Probation Juvenile Correctional Officer, sexually assaulted her on several occasions. The plaintiff brings claims under 42 U.S.C. § 1983 and state law.

**A.     JURISDICTION/ VENUE**

This court has jurisdiction over this diversity action under 42 U.S.C § 1332. Also, the events that gave rise to this action occurred in Bakersfield, California. Accordingly, venue is proper in the United States District Court for the Eastern District of California sitting in Bakersfield. See 28 U.S.C. § 1391.

**B.     JURY TRIAL**

The parties demanded a jury trial in this matter. (Doc. 1 at 1; Doc. 10; Doc. 13 at 10)

**C.     UNDISPUTED FACTS**

1.     In September 2014, Rebecca Smith was a ward confined in James G. Bowles Juvenile

Hall.

2. In September 2014, Cesar Navejar was employed by the Kern County Department of Probation as a Juvenile Corrections Officer II.

**D. DISPUTED FACTS**

All other facts, not set forth above, remain in dispute including the following:

1. Whether Defendant Navejar sexually abused Plaintiff.

2. Whether any sexual abuse of Plaintiff involved violence, threats, or coercion.

3. The nature and extent of Plaintiff's damages, if any.

4. The availability and amount of any punitive damages.

5. Whether alleged deficient customs, practices, and policies at Juvenile Hall were a substantial factor in causing the sexual abuse of Plaintiff.

6. Whether alleged deficient training of Juvenile Hall employees was a substantial factor in causing the sexual abuse of Plaintiff.

7. Whether the County of Kern ratified Defendant Navejar's alleged misconduct or maintained a policy of inaction.

8. Whether Defendant Navejar was acting in the course and scope of his employment.

9. Whether there was negligent supervision, hiring, or retention on the part of the County.

**E. DISPUTED EVIDENTIARY ISSUES**

Plaintiff:

1. Plaintiffs dispute and intend to move to exclude each of the witnesses on Defendants' exhibit list, with the exception of Mimi Wollitz. Plaintiff intends to move for relief on the grounds of relevance, improper character evidence, and Rule 403. Further, Plaintiff intends to move to exclude these witnesses as untimely disclosed, to the extent they were omitted from the respective defendants' initial disclosures. Defendant Navejar's purported supplemental Rule 26 disclosure, received after draft witness lists were already exchanged for trial, does not cure this failure to disclose. Finally, some of these individuals appear to be undisclosed experts, such as "Larry Yokoyama, M.D.," Defendant Navejar's attorneys, investigators and district attorneys, and those who are described as unnamed "Psychologist/Psychiatrists" who interacted with Plaintiff at various times.

2.     Plaintiff contends that any evidence or allegations regarding her drug use would be irrelevant, prejudicial, and improper character evidence.

3.     Plaintiff contends that any evidence or allegations regarding her criminal or juvenile history would be irrelevant, prejudicial, and improper character evidence. This also includes reports by child protective services.

4.     Plaintiff contends that any evidence or allegations regarding her education, grades, or school records would be irrelevant, prejudicial, and improper character evidence.

5.     Plaintiff contends that any evidence or allegations regarding her gang affiliation would be irrelevant, prejudicial, and improper character evidence.

6.     Plaintiff contends that any evidence or allegations regarding her sexual history would be irrelevant, prejudicial, and improper character evidence. This would include any sexual victimization that occurred or was alleged to have occurred in the past.

7.     Plaintiff contends that any evidence or allegations regarding her prior history of discipline at Juvenile Hall would be irrelevant, prejudicial, and improper character evidence.

8.     Plaintiff contends that her Facebook or other social media posts are irrelevant, prejudicial, and improper character evidence.

9.     Plaintiff intends to move to exclude the testimony and opinions of defense expert Judy Malmgren on the grounds of relevance, foundation, and the principles of *Daubert*.

10.     Plaintiff intends to move to exclude any testimony and opinions of defense expert Harold Seymour to the effect that the sexual abuse more probably did or did not occur. In other words, Dr. Seymour's opinions should be limited to his diagnoses of Plaintiff and his opinions regarding future treatment, and he should not opine regarding liability.

11.     Plaintiff intends to move to exclude evidence that the criminal prosecution of Defendant Navejar did not result in a guilty verdict.

12.     Plaintiff contends that any exhibits or documents that have not been disclosed to Plaintiff to date would be inadmissible. Plaintiff is in the process of reviewing Defendants' exhibit list to ascertain which have not been previously disclosed. For example, no

photographs of the "plumbing fixture," Defendants' Exhibit 8, was ever disclosed. In addition, to the extent that Defendants have obtained information through juvenile court petitions that have not been disclosed to Plaintiff, Plaintiff contends that any such evidence would be inadmissible.

13. Plaintiff contends that it would be improper to use negative information about Plaintiff at trial to argue or suggest that she is "damaged goods" whose damages should be reduced by reason of her prior experiences and traumas, and will seek an order limiting such arguments.

14. Plaintiff contends that consent is not a defense or mitigating factor, and intends to seek an order excluding any evidence that would bear on consent and also secure an appropriate jury instruction.

15. Plaintiff contends that the jury should be instructed that if sexual contact occurred, the jury should find in Plaintiff's favor on all liability issues. In other words, there is no sexual contact that would not violate Plaintiff's rights or constitute a tort under the circumstances.

16. Plaintiff contends that there is no comparative fault, comparative negligence, qualified immunity, or failure to mitigate defense in this matter, and the jury should be so instructed.

17. Plaintiff contends that Defendants are not entitled to any immunities under state law.

18. Motion to preclude Defendants from putting on evidence or argument to the effect that there were other wards in their rooms in Plaintiff's wing of Pathways at the time of the alleged sexual abuse.

19. Motion to preclude Defendants from putting on expert testimony, whether of retained or non-retained experts, except for the three experts that were timely disclosed: Heather Mauro, Harold Seymour, and Judy Malmgren.

4

Defendants:

1. Motion to preclude evidence not produced during discovery;

2. Motion to exclude non-party witnesses from the courtroom;

3. Motion to preclude questions regarding personnel matters, prior complaints concerning job performance, or prior disciplinary issues as to Defendant Cesar Navejar;

4. Motion to preclude non-expert witness form offering expert opinions or testimony;

5. Motion to preclude evidence pertaining to Plaintiff's future economic loss;

6. Motion to preclude evidence pertaining to Plaintiff's lack or loss of sexual intimacy;

7. Motion to preclude evidence of any other lawsuits and/or criminal matters against Navejar;

8. Motion to preclude Plaintiff from presenting evidence contrary to admissions made during discovery;

9. Motion to preclude evidence of Plaintiff's financial condition;

10. Motion to preclude testimony of Plaintiff's expert Deborah Cresswell on the grounds of foundation, and Daubert principles;

11. Motion to preclude testimony of Plaintiff's experts John Bacon and Daniel Marble on the grounds of relevance, foundation, and the fact that they are unqualified as experts;

12. Motion to preclude evidence of any other lawsuits against the County of Kern or any other juvenile corrections officer employed at James H. Bowles Juvenile Hall;

13. Motion to preclude Plaintiff's retained and non-retained experts from offering any testimony or opinions beyond that which they offered at the time of their depositions;

14. Motion to preclude lay witnesses from offering expert witness testimony;

15. Motion to preclude testimony and/or evidence of Maria Lopez regarding the "grunt" noise she thought Cesar Navejar made;

16. Motion to preclude the opinions of Detective Sporer regarding Cesar Navejar;

17. Motion to preclude the testimony and/or evidence of the absence of Cesar Navejar denying the sexual assault when arrested by Bakersfield Police Department detectives;

18.      Motion to preclude any testimony and/or evidence regarding Precious Nolen's arrest by Deputy Juan Maldonado;

19.      Motion to preclude the fact that Bakersfield Police Department recommended filing a criminal complaint against Navejar and that criminal charges were filed;

20.      Motion to preclude testimony and/or evidence that Navejar was arrested;

21.      Motion to preclude testimony and/or evidence that Maria Lopez was told by an officer to keep an eye on Navejar;

22.      Motion to preclude evidence that Navejar was placed on paid administrative leave;

23.      Motion to preclude evidence that Navejar is the subject of an Internal Affairs investigation with the Kern County Probation Department;

24.      Motion to preclude any mention of the Prison Rape Elimination Act;

25.      Motion to preclude witness Sabrina Heinze from testifying;

26.      Motion to preclude witness Lance O'Nesky from testifying;

27.      Motion to preclude testimony and/or evidence regarding Shaun Romans 82 page Internal Affairs report;

28.      Motion to preclude any mention of misconduct by other juvenile corrections officers occurring after September 30, 2014;

29.      Motion to preclude any testimony and/or evidence that Officer Navejar was described as creepy;

30.      Preclude evidence and/or testimony regarding JCO Divyesh Bhakta's statement that he observed Navejar stop and turn around and stare at a ward that had bent over

31.      Preclude testimony and/or evidence regarding Navejar be referenced as "lazy"

32.      Preclude improper comments regarding damages including any inquiry, comment or argument before the jury that suggests that jurors should base Plaintiffs' damages on an amount that the jurors would charge to endure similar injuries, or that would appeal to community standards or morals.

33.      Request that the actual names of wards be used

34.      Request to unseal only documents that are to be used as evidence

**F.      SPECIAL FACTUAL INFORMATION**

As set forth in the joint pretrial statement. (Doc. 38)

**G.     RELIEF SOUGHT**

Plaintiff seeks past and future non-economic compensatory damages, future medical care, punitive damages, statutory damages under the Bane Act and attorneys' fees and costs.

The defendants seek a defense verdict and fees and costs.

**H.     ABANDONED ISSUES**

None.

**I.     WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

1.     Cesar Navejar

2.     Kenneth Sporer

3.     John Joseph Zahry

4.     Heather Mauro

5.     Mesha Elliott

6.     Catherine Gonzalez

7.     Maria Lopez

8.     Divyesh Bhakta

9.     Sophia Rivas

10.    Veronica Andriano

11.    Tiofilo Garcia

12.    Michele Borcky

13.    April Etheridge

14.    Mimi Wollitz

15.    Plaintiff Jane Doe

| | |
|---|---|
| 1 | 16.     Shay Molennor |
| 2 | 17.     T.R. Merickel |
| 3 | 18.     Kathy Lemon |
| 4 | 19.     Matthew Fontaine |
| 5 | 20.     Janell Davidson |
| 6 | 21.     Shaun S. Romans |
| 7 | 22.     Daniel M. Marble |
| 8 | 23.     John J. Bacon |
| 9 | 24.     Paula Lee Smith |
| 10 | 25.     Jason Brown |
| 11 | 26.     Harold Lee Seymour, Ph.D. |
| 12 | 27.     Deborah L. Cresswell, Ph.D. |
| 13 | 28.     Brooke Ramirez |
| 14 | 29.     Kelly Woolard |
| 15 | 30.     Jeffrey Cecil |
| 16 | 31.     Destinie Martinez |
| 17 | 32.     Kristie Bilbrey |
| 18 | 33.     Rex Davenport |
| 19 | 34.     Juan Maldonado |
| 20 | 35.     Carol Williams |
| 21 | 36.     J. Lee |
| 22 | 37.     Jose Gomez |
| 23 | 38.     Lisa Wedeking-White |
| 24 | 39.     Patrick Harrelson |
| 25 | 40.     Detective McAfee ID# 940 |
| 26 | 41.     Jeffrey Burdick |
| 27 | 42.     Lance O'Nesky |
| 28 | 43.     Lieutenant Grimes |

44.      Detective Galland

45.      Detective Wesbrook

46.      David Kuge

47.      Fabian Estrada

       In addition to the witness listed above by Plaintiff, Defendants will also call the following witnesses:

1.       Mimi Wollitz

2.       Jerardo Garza

3.       Laura Perez

4.       Ernie Geronimo

5.       Jose Santamaria

6.       Shawn Collins

7.       David Faingold

8.       Wendala Sanchez

9.       Erica Navejar

10.     Kimberly Hernandez

11.     Laura Rodriguez

12.     Richard Figeoura

13.     Robert Madment

14.     Ryan Daniels

15.     P.N.

16.     Jeffrey Nicol

17.     Amber Jones

18.     Ann Rosales

19.     Jenny Thoman

20.     Veronica Drucker

21.     Shanna Kellams

22.     Alba Lopez

23.     Casey Rush

24.     Yolanda Alacron

25.     Juan Gutierrez

26.     B. Escamill

27.     R. Gaston

28.     Ken Hutchins

29.     M. Garcia

30.     Arturo Figeuora

31.     L. Hartidge

32.     Ms. Jenny

33.     Brad Davis

34.     S. Hernandez

35.     Larry Yokoyama, M.D.

36.     Joseph Baldwin

37.     Psychologist/Psychiatrist and supervisor who saw Rebecca Smith on September 19, 2013, Kern County Probation Department

38.     Psychologist/Psychiatrist and supervisor who saw Rebecca Smith on September 5, 2013, Kern County Probation Department

39.     Psychologist/Psychiatrist and supervisor who saw Rebecca Smith on January 29, 2014, Kern County Probation Department

40.     Kern County Juvenile Institutions staff who requested follow up for Rebecca Smith on January 26, 2014, Kern County Probation Department

41.     Psychologist/Psychiatrist and supervisor who saw Rebecca Smith on January 29, 2014, Kern County Probation Department

42.     Psychologist/Psychiatrist and supervisor who saw Rebecca Smith on October 15, 2013, Kern County Probation Department

43.     Kern County Juvenile Institutions staff who requested follow up for Rebecca Smith on October 14, 2013, Kern County Probation Department

44.     Psychologist/Psychiatrist and supervisor who saw Rebecca Smith on March 6, 2012, Kern County Probation Department

45.     Kern County Juvenile Institutions staff who requested follow up for Rebecca Smith on March 6, 2012, Kern County Probation Department

46.     Psychologist/Psychiatrist and supervisor who saw Rebecca Smith on January 24, 2012, Kern County Probation Department

47.     Psychologist/Psychiatrist and supervisor who saw Rebecca Smith on January 12, 2012, Kern County Probation Department

48.     Melissa Banal Hoyt

**J.      EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits, including rebuttal and impeachment witnesses, that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

1.      Bakersfield Police Department Report No. 2014-215525 Detective Arrest;

2.      Probation Facilities Special Incident Reports;

3.      Juvenile Hall Basic Staff Rule 1425, revised 07/17/07, reviewed 01/02/13;

4.      PREA Training Outline;

5.      Brochure entitled "What You Need to Know About Sexual Assault, Harassment, and Abuse;

6.      Brochure entitled "Your Responsibilities in the Prevention and Reporting of Sexual Misconduct with Probation Youth;

7.      Kern County Probation Department Directive, Title: Prison Rape Elimination Act, Article: 1615 Policy;

8.      E-Mail from RFC-STC to trimblet@co.kern.ca.us dated December 6, 2011 regarding 0031-062998: PREA – Prison Rape Elimination Act, Rev. 6-14;

9.      Standards and Training for Corrections (STC) Program - PREA – Prison Rape Elimination Act, Certification Date November 27, 2012;

10.     Standards and Training for Corrections (STC) Program – PREA- Prison Rape Elimination Act, Certification Date December 5, 2011;

11.     Standards and Training for Corrections (STC) Program – PREA – Prison Rape Elimination Act, Certification Date November 13, 2014;

12.     Standards and Training for Corrections (STC) Program – PREA – PREA Update, Certification Date August 14, 2014;

13.     Lesson Plan for Core Academics, Course Title: Prison Rape Elimination Act (PREA);

14.     Lesson Plan for PREA booster, two hours;

15.     Core Training Course Outline and Unit Schedule;

16.     Juvenile Corrections Officer Core Course effective July 1, 2007;

17.     Memorandum to David M. Kuge, Chief Probation Officer from Matt S. Fontaine, PREA Coordinator dated April 9, 2014 regarding Annual PREA Review 2012-2013;

18.     Memorandum to David M. Kuge, Chief Probation Officer from Matt S. Fontaine, PREA Coordinator dated October 22, 2014 regarding Annual PREA Review 2013-2014;

19.     Memorandum to T.R. Merickel, Chief Probation Officer from Matt S. Fontaine, PREA Coordinator dated December 4, 2015 regarding Annual PREA Review 2014-2015;

20.     Kern County Probation Department, Administrative Manual, Title: Prison Rape Elimination Act, Article 1615 Rev. 03-12;

21.     Kern County Probation Department Administrative Manual, Administrative Manual Bulletin #6, Title: Prison Rape Elimination Act, approved by Chief David M. Kuge, Article 1615 dated October 6, 2014;

22.     Kern County Probation Department, Administrative Manual, Title: Prison Rape Elimination Act, Article 1615 Rev 08-15;

23.     Juvenile Facility Standards, United States Department of Justice Final Rule, Prison Rape Elimination Act dated May 17, 2012;

24.     Kern County Probation, Juvenile Facilities, Annual PREA Staffing and Video Surveillance Review, Report Date:  October 22, 2014;

25.     Kern County Probation, Juvenile Facilities, Annual PREA Staffing and Video Surveillance

Review, Report Date:   November 17, 2015;

26.     Brochure entitled "You Are Not Alone" by Alliance Against Family Violence;

27.     Pathways Diagram, Unit 100-A;

28.     Letter from T.R. Merickel, Chief Probation Officer to Cesar Navejar dated July 17, 2015 regarding Notice of Administrative Leave/Revocation of Peace Officer Powers;

29.     Sign-In Sheets from September 1, 2014 – September 30, 2014;

30.     Sign in Sheet dated September 25, 2014;

31.     Sign in Sheet dated September 26, 2014;

32.     Sign in Sheet dated September 29, 2014;

33.     FTR Youth Safety/Room Check Log dated September 8, 2014 for Rooms 1 – 18;

34.     FTR Youth Safety/Room Check Log dated September 8, 2014 for Rooms 19 – 30;

35.     Pathways Youth Safety/Room Check Log dated September 8, 2014 for Rooms 1- 10

36.     Pathways Youth Safety/Room Check Log dated September 8, 2014 for Rooms 11 – 20;

37.     Assignment Sheets dated September 8, 2014;

38.     FTR Youth Safety/Room Check Log dated September 9, 2014 for Rooms 1 – 18;

39.     FTR Youth Safety/Room Check Log dated September 9, 2014 for Rooms 19 – 30;

40.     Pathways Youth Safety/Room Check Log dated September 9, 2014 for Rooms 1- 10;

41.     Pathways Youth Safety/Room Check Log dated September 9, 2014 for Rooms 11 – 20;

42.     Assignment Sheets dated September 9, 2014;

43.     Pathways Youth Safety/Room Check Log dated September 10, 2014 for Rooms 1- 10;

44.     Pathways Youth Safety/Room Check Log dated September 10, 2014 for Rooms 11 – 20;

45.     FTR Youth Safety/Room Check Log dated September 10, 2014 for Rooms 1 – 18;

46.     FTR Youth Safety/Room Check Log dated September 10, 2014 for Rooms 19 – 30;

47.     Assignment Sheets dated September 10, 2014;

48.     FTR Youth Safety/Room Check Log dated September 11, 2014 for Rooms 1 – 18;

49.     FTR Youth Safety/Room Check Log dated September 11, 2014 for Rooms 19 – 30;

50.     Pathways Youth Safety/Room Check Log dated September 11, 2014 for Rooms 1 – 10;

51.     Pathways Youth Safety/Room Check Log dated September 11, 2014 for Rooms 11 – 20;

52.    Assignment Sheets dated September 11, 2014;

53.    Assignment Sheets dated September 12, 2014;

54.    Assignment Sheets dated September 15, 2014;

55.    FTR Youth Safety/Room Check Log dated September 16, 2014 for Rooms 1 – 18;

56.    FTR Youth Safety/Room Check Log dated September 16, 2014 for Rooms 19 – 30;

57.    Pathways Youth Safety/Room Check Log dated September 16, 2014 for Rooms 1 – 10;

58.    Pathways Youth Safety/Room Check Log dated September 16, 2014 for Rooms 11 – 20;

59.    Assignment Sheets dated September 16, 2014;

60.    Assignment Sheets dated September 17, 2014;

61.    Assignment Sheets dated September 18, 2014;

62.    Assignment Sheets dated September 19, 2014;

63.    FTR Youth Safety/Room Check Log dated September 22, 2014 for Rooms 1 – 18;

64.    FTR Youth Safety/Room Check Log dated September 22, 2014 for Rooms 19 – 30;

65.    Pathways Youth Safety/Room Check Log dated September 22, 2014 for Rooms 1 – 10;

66.    Pathways Youth Safety/Room Check Log dated September 22, 2014 for Rooms 11 – 20;

67.    Assignment Sheets dated September 22, 2014;

68.    FTR Youth Safety/Room Check Log dated September 24, 2014 for Rooms 1 – 18;

69.    FTR Youth Safety/Room Check Log dated September 24, 2014 for Rooms 19 – 30;

70.    Pathways Youth Safety/Room Check Log dated September 24, 2014 for Rooms 1 – 10;

71.    Pathways Youth Safety/Room Check Log dated September 24, 2014 for Rooms 11 – 20;

72.    Pathways Youth Safety/Room Check Log dated September 25, 2014 for Rooms 1 – 10;

73.    Pathways Youth Safety/Room Check Log dated September 25, 2014 for Rooms 11 – 20;

74.    FTR Youth Safety/Room Check Log dated September 25, 2014 for Rooms 1 – 18;

75.    FTR Youth Safety/Room Check Log dated September 25, 2014 for Rooms 19 – 30;

76.    Assignment Sheets dated September 25, 2014;

77.    FTR Youth Safety/Room Check Log dated September 26, 2014 for Rooms 1 – 18;

78.    FTR Youth Safety/Room Check Log dated September 26, 2014 for Rooms 19 – 30;

79.    Pathways Youth Safety/Room Check Log dated September 26, 2014 for Rooms 1 – 10;

80. Pathways Youth Safety/Room Check Log dated September 26, 2014 for Rooms 11 – 20;

81. Assignment Sheets dated September 26, 2014;

82. Pathways Youth Safety/Room Check Log dated September 29, 2014 for Rooms 1 – 10;

83. Pathways Youth Safety/Room Check Log dated September 29, 2014 for Rooms 11 – 20;

84. FTR Youth Safety/Room Check Log dated September 29, 2014 for Rooms 1 – 18;

85. FTR Youth Safety/Room Check Log dated September 29, 2014 for Rooms 19 – 30;

86. Assignment Sheets dated September 29, 2014;

87. James G. Bowles Juvenile Hall Administrative Manual Revised 2014-2015, 1650 - Grievance – Youth, Title 15, Article 5, Section 1361, PREA Standard 115.351, 115.352, 115.367;

88. James G. Bowles Juvenile Hall Administrative Manual Revised 2014-2015, 1455 - Security, Title 15, Article 3, Section 1326, PREA Standards Section 115.212(e);

89. James G. Bowles Juvenile Hall Administrative Manual Revised 2014-2015, 1465 - Safety and Youth Safety/Room Checks, Title 15, Article 3, Section 1328, PREA Standards Section 115.313;

90. James G. Bowles Juvenile Hall Administrative Manual Revised 2014-2015, 1550 - Prison Rape Elimination Act;

91. James G. Bowles Juvenile Hall Administrative Manual Revised 2014-2015, 1953 - Sexual Assaults, Title 15, Article 8, Section 1453, PREA Standards Section 115.321, 115.352, and 115.353;

92. James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Chapter 5, Training;

93. James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, 1400 -Training Policies, Title 15, Article 3, Section 1320;

94. James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Training Data Sheet;

95. James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, 1405 -Child/Youth Supervision Staff Training;

96. James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, 1425 -Juvenile Hall Basic Staff Rules, Prison Rape Elimination Act, Juvenile Facility Standards Section 115.315, 115.341 revised 7/14/15;

15

97.     James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, 1455 -Security, Title 15, Article 3, Section 1326, PREA Standards Section 115.313(e)

98.     James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, 1457 -Searches, Title 15, Article 5, Section 1360, PREA Standard Section 115.315;

99.     James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, 1465 -Safety and Youth Safety/Room Checks, Title 15, Article 3, Section 1328, PREA Standards Section 115.313;

100.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Training Data Sheet, Attachment B, revised 4/8/15;

101.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Training Checklist, Attachment C, revised 7/14/15;

102.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Training Agenda/Outline for Extra Help and New Staff, Attachment D, revised 4/8/15;

103.    Memorandum from Shay Molennor to Matt Fontaine dated March 11, 2015 regarding Jane Doe PREA Chronology;

104.    Memorandum from Janell Davidson to Shay Molennor dated February 10, 2015 regarding Jane Doe – Counseling;

105.    Memorandum from Janell Davidson to Shay Molennor dated February 26, 2015 regarding Jane Doe – Victim Services;

106.    Memorandum from Janell Davidson to Shay Molennor dated March 11, 2015 regarding Jane Doe;

107.    Kern County Probation Juvenile Facilities, Annual PREA Staffing and Video Surveillance Review, Report Date October 22, 2014;

108.    Kern County Probation Juvenile Facilities, Annual PREA Staffing and Video Surveillance Review, Report Date November 17, 2015;

109.    Maintenance Request & Completion Logs;

110.    January 2014 PREA Auditor Training Advance Work:  Completing the Audit Tool;

111.    Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Compliance Audit Tool, Checklist of Policies/Procedures/and Other Documents for Prisons and

Jails dated May 3, 2013;

112. Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Audit: Pre-Audit Questionnaire, Adult Prisons & Jails;

113. Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Compliance Audit Tool – Instructions for PREA Audit Tour, Prisons and Jails dated May 3, 2013;

114. Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Compliance Audit Tool – Questions for Agency Head (or Designee), Prisons and Jails dated May 3, 2013;

115. Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Compliance Audit Tool – Questions for Warden (or Designee), Prisons and Jails dated May 3, 2013;

116. Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Compliance Tool – Questions for PREA Compliance Managers and PREA Coordinators, Prisons and Jails dated May 3, 2013;

117. Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Compliance Tool – Questions for Specialized Staff, Prisons and Jails dated May 3, 2013;

118. Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Compliance Audit Tool – Questions for a Random Sample of Staff, Prisons and Jails dated May 3, 2013;

119. Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Compliance Audit Tool – Questions for Inmates, Prisons and Jails dated May 3, 2013;

120. Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Audit: Auditor's Summary Report, Adult Prisons & Jails;

121. Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Audit: Auditor Compliance Tool, Prevention Planning;

122. Federal Register, Vol. 77, No. 119, Part II, Department of Justice, 28 CFR Part 115 – National Standards to Prevent, Detect, and Respond to Prison Rape; Final Rule;

123.    Letter dated March 25, 2015 from Scott Kernan, Secretary, State of California, Department of Corrections and Rehabilitation, Office of the Secretary, to The Honorable Loretta Lynch;

124.    Letter dated May 8, 2015 from Jeffrey Beard, Ph.D., Secretary, State of California, Department of Corrections and Rehabilitation, Office of the Secretary, to U.S. Department of Justice and The Honorable Loretta Lynch;

125.    Forensic Medical Report, Adult/Adolescent Sexual Assault Examination, CalEMA 2-923 of Jane Doe dated September 30, 2014;

126.    Selected photographs of the juvenile facility from inspection;

127.    Kern SART Center Forensic Medical Report and related documents;

128.    Transcript of interview with Maria Lopez, Interviewer: J.J. Zahry dated June 23, 2015;

129.    Transcript of interview with Sophia Rivas, Interviewer:  J.J. Zahry dated June 18, 2015;

130.    Transcript of interview with Veronica Andriano, Interviewer: J.J. Zahry dated June 18, 2015;

131.    Transcript of interview with Michele Borcky, Interviewer: JJ Zahry dated June 19, 2015;

132.    Transcript of interview with April Etheridge, Interviewer: JJ Zahry

133.    Transcript of interview with Tiofilo Garcia, Interviewer: JJ Zahry

134.    Transcript of interview with Juan Gutierrez, Interviewer: JJ Zahry

135.    Transcript of interview with Amber Jones, Interviewer: JJ Zahry

136.    Notes by Wollitz

137.    Transcript of the Defense Medical Examination of Jane Doe with Dr. Seymour dated November 2, 2016;

138.    Audio of the Defense Medical Examination of Jane Doe with Dr. Seymour;

139.    DSM-5 PTSD Diagnostic Criteria;

140.    DSM-5 Generalized Anxiety Disorder Diagnostic Criteria;

141.    Handwritten notes of Harold L. Seymour, Ph.D.;

142.    In addition to the exhibits listed above by Plaintiff, Defendants will also use the following exhibits:

143.    Transcript of interview with Amber Jones, Interviewer: JJ Zahry;

144.    Transcript of interview with Jane Doe, Interviewer: JJ Zahary;

145.   Photographs of James G. Bowles Juvenile Hall facility;

146.   Handwritten notes of the Plaintiff's Medical Examination of Jane Doe with Dr. Deborah Cresswell dated August 9, 2016 and October 11, 2016;

147.   Jane Doe's School Records from Bakersfield City School District for grades Kindergarten through 8th grade;

148.   All records related to CPS investigations dated from 2004-2014;

149.   All Suspected Child Abuse Reports dated from 2004-2014 regarding Rebecca Smith and accompanying documents;

150.   Photographs of plumbing fixture;

151.   Memorandum in Support of WIC §777(a)(2) Hearing dated May 29, 2014 and all related documents;

152.   Memorandum in Support of WIC §777(a)(2) Petition dated May 27, 2014 and all related WIC §777(a) discovery documents;

153.   Minute Order dated July 3, 2014;

154.   Report of Probation Officer dated June 24, 2014;

155.   James G. Bowles Juvenile Hall Observation Report;

156.   Kern County Juvenile Institutions Mental Health Consultation Slip dated January 2, 2012;

157.   Kern County Juvenile Institutions Mental Health Consultation Slip dated January 14, 2012;

158.   Kern County Juvenile Institutions Mental Health Consultation Slip dated March 6, 2012;

159.   Kern County Juvenile Institutions Mental Health Consultation Slip dated September 16, 2013;

160.   Kern County Juvenile Institutions Mental Health Consultation Slip dated September 4, 2013;

161.   Kern County Juvenile Institutions Mental Health Consultation Slip dated October 4, 2013;

162.   Kern County Juvenile Institutions Mental Health Consultation Slip dated January 26, 2014;

163.   Kern County Juvenile Institutions Mental Health Consultation Slip dated January 27, 2014;

164.   Office Memorandum from Kern County Probation Administration and Medical Staff and accompanying documents dated December 19, 2011;

165.   Probation report with minor and parent's statements dated November 16, 2011;

166.   Detention and Observation Information and accompanying documents for Rebecca Smith;

167. James G. Bowles Juvenile Hall Program Folder Check Sheet dated July 15, 2014;

168. Basic Rules for Detainees signed by Rebecca Smith on June 17, 2014;

169. Basic Rules and Detainees for Central School and Classrooms signed by Rebecca Smith on June 17, 2014;

170. Kern County Probation Department Directive on PREA signed by Rebecca Smith on June 17, 2014;

171. Case Plan Update on Rebecca Smith;

172. James G. Bowles Juvenile Hall Transfer Slip for Rebecca Smith dated July 2, 2014;

173. James G. Bowles Juvenile Hall Program Folder Check Sheets for Rebecca Smith;

174. Basic Rules for Detainees signed by Rebecca Smith on January 24, 2014;

175. Basic Rules and Detainees for Central School and Classrooms signed by Rebecca Smith on January 24, 2014;

176. Kern County Probation Department Directive on PREA signed by Rebecca Smith on January 24, 2014;

177. Probation Facilities Special Incident Report and all accompanying documents dated August 11, 2013;

178. Probation Facilities Special Incident Report and all accompanying documents dated January 24, 2014;

179. Probation Facilities Special Incident Report and all accompanying documents dated August 7, 2014;

180. Probation Facilities Special Incident Report and all accompanying documents dated August 26, 2014;

181. Probation Facilities Special Incident Report and all accompanying documents dated September 10, 2014;

182. Probation Facilities Special Incident Report and all accompanying documents dated September 19, 2014;

183. Probation Facilities Special Incident Report and all accompanying documents dated October 23, 2014;

184.    Probation Facilities Special Incident Report and all accompanying documents dated December 8, 2014;

185.    Probation Facilities Special Incident Report and all accompanying documents dated February 5, 2015;

186.    Basic Rules for Detainees signed by Rebecca Smith on August 9, 2013;

187.    Basic Rules and Detainees for Central School and Classrooms signed by Rebecca Smith on August 9, 2013;

188.    Kern County Probation Department Directive on PREA signed by Rebecca Smith on August 9, 2013;

189.    James G. Bowles Juvenile Hall Mental Health Special Program forms regarding Rebecca Smith;

190.    Court Schools Exit Conference form and accompanying documents dated February 24, 2015;

191.    Kern County Probation Department Directive on PREA signed by Rebecca Smith on October 14, 2014;

192.    Probation Facilities Special Incident Report and all accompanying documents dated October 17, 2014;

193.    Kern County Juvenile Hall Detainee Information Sheet for Rebecca Smith;

194.    James G. Bowles Juvenile Hall Intake Suicide Screening Form for Rebecca Smith dated August 9, 2013;

195.    Kern County Probation Department Transfer of Custody regarding Rebecca Smith;

196.    James G. Bowles Juvenile Hall Safety Room Log regarding Rebecca Smith;

197.    James G. Bowles Juvenile Hall Room Restriction Logs pertaining to Rebecca Smith;

198.    Notification of Major Corrective Action August 27, 2013;

199.    Notification of Major Corrective Action October 23, 2014;

200.    Interoffice Memorandum of Kern County Probation Department from Janell Davidson to Shay Molennor dated July 22, 2014

201.    Surveillance Video

202.    All social media posts, pictures, comments, and other related postings made by Plaintiff, Jane

Doe;

203.    All social media posts, pictures, comments, and other related postings made by Paula Smith;

204.    All social media posts, pictures, comments, and other related postings made by Jason Brown;

205.    All social media posts, pictures, comments, and other related postings made by Yolanda Alarcon;

206.    All social media posts, pictures, comments, and other related postings made by Bradley Brent;

207.    All social media posts, pictures, comments, and other related postings made by Joseph Baldwin;

208.    All social media posts, pictures, comments, and other related postings made by Jimmy Thompson;

209.    All social media posts, pictures, comments, and other related postings made by Monica Martinez;

210.    All social media posts, pictures, comments, and other related postings made by Travis Carter;

211.    All social media posts, pictures, comments, and other related postings made by Casey Rush;

212.    All social media posts, pictures, comments, and other related postings made by Joseph Miller;

213.    All social media posts, pictures, comments, and other related postings made by Tracy Jensen;

214.    All social media posts, pictures, comments, and other related postings made by Savannah Bailey

On or before **May 26, 2017**, counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examining each other's exhibits.   Any exhibits not previously disclosed in discovery **SHALL** be provided via e-mail or overnight delivery so that it is received by **May 12, 2017**.

1.    At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits.  In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist.  Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference.

2.      At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence.  These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above.  Joint exhibits **SHALL** be admitted into without further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.).  Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The Parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits.  The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|

3.      As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party.   Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4.      Each exhibit binder shall contain an index which is placed in the binder before the exhibits.   Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

5.      On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

6.     On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits.  The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on **June 22, 2017**. Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

7.     The Parties **SHALL** number each page of any exhibit exceeding one page in length.

**K.     DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – including rebuttal and impeachment discovery documents, that the parties expect to offer at trial.  NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

1.     Deposition transcript and videotaped deposition of Kathy Lemon taken on September 6, 2016;

2.     Deposition transcript and videotaped deposition of Catherine Julie Gonzalez taken September 29, 2016;

3.     Deposition transcript and videotaped deposition of Mesha Elliott taken September 23, 2016;

4.     Deposition transcript and videotaped deposition of Matthew Shaw Fontaine taken September 15, 2016;

5.     Deposition transcript and videotaped deposition of John Joseph Zahry taken August 16, 2016;

6.     Deposition transcript and videotaped deposition of John Joseph Zahry taken August 25, 2016;

7.     Deposition transcript and videotaped deposition of Shay Molennor taken August 17, 2016;

8.     Deposition transcript and videotaped deposition of Deborah L. Cresswell, Ph.D. taken December 19, 2016;

9.     Deposition transcript and videotaped deposition of John Bacon taken December 5, 2016;

10. Deposition transcript and videotaped deposition of Harold Lee Seymour, Ph.D. taken December 15, 2016;

11. Deposition transcript and videotaped deposition of Judy Malmgren taken December 21, 2016;

12. Deposition transcript and videotaped deposition of Fabian Estrada taken August 17, 2016;

13. Deposition transcript and videotaped deposition of Cesar Navejar taken July 18, 2016;

14. Deposition transcript and videotaped deposition of Daniel Marble taken December 19, 2016;

15. Deposition transcript and videotaped deposition of Maria Lopez taken September 14, 2016;

16. Deposition transcript and videotaped deposition of Justin Scott Lopez taken on November 14, 2016;

17. Deposition transcript and videotaped deposition of Paula Lee Smith taken on November 14, 2016;

18. Deposition transcript and videotaped deposition of Janell Davidson taken on October 20, 2016;

19. Deposition transcript and videotaped deposition of Divyesh Bhakta taken on October 20, 2016;

20. Deposition transcript and videotaped deposition of Kenneth Sporer taken on September 15, 2016;

21. Deposition transcript and videotaped deposition of Sophia Rivas taken on September 23, 2016;

22. Deposition transcript and videotaped deposition of Veronica Andriano taken on September 29, 2016;

23. Deposition transcript and videotaped deposition of Tiofilo Garcia taken on August 25, 2016;

24. Deposition transcript and videotaped deposition of Michele Borcky taken on September 14, 2016;

25. Deposition transcript and videotaped deposition of April Etheridge taken August 25, 2016;

26. Deposition transcript and videotaped deposition of Jane Doe taken November 11, 2016;

27. Deposition transcript and videotaped deposition of Shaun Romans, Vol 1, taken August 15, 2016;

28. Deposition transcript and videotaped deposition of Shaun Romans, Vol 2, taken August 16, 2016;

29. Special Interrogatories, Set One, propounded by Plaintiff Jane Doe to Defendant County of

25

Kern dated October 5, 2016;

30. Responses to Special Interrogatories, Set One, by Defendant County of Kern from Plaintiff Jane Doe dated November 4, 2016.

31. The entire contents of the criminal court file related to the People of the State of California vs. Cesar Navejar, Kern County Superior Court Case No. BF157957A;

32. Reporter's transcripts of trial proceeding of People of the State of California vs. Cesar Navejar, Kern County Superior Court Case No. BF157957A;

33. Reporter's transcript of criminal trial testimony of Heather Mauro;

34. Reporter's transcript of criminal trial testimony of Jane Doe;

35. Reporter's transcript of criminal trial testimony of Michele Borcky;

36. Reporter's transcript of criminal trial testimony of Maria Lopez;

37. Reporter's transcript of criminal trial testimony of Carol Williams;

38. Reporter's transcript of criminal trial testimony of Tiofilo Garcia;

39. Reporter's transcript of criminal trial testimony of April Etheridge;

40. Reporter's transcript of criminal trial testimony of Heather Mauro;

41. Reporter's transcript of criminal trial testimony of Brooke Ramirez;

42. Reporter's transcript of criminal trial testimony of Kelly Woolard;

43. Reporter's transcript of criminal trial testimony of Jeffery Cecil;

44. Reporter's transcript of criminal trial testimony of Judy Malmgren;

45. Reporter's transcript of criminal trial testimony of Destinie Martinez;

46. Reporter's transcript of criminal trial testimony of Kristie Bilbrey;

47. Reporter's transcript of criminal trial testimony of Janell Davidson;

48. Reporter's transcript of criminal trial testimony of Kenneth Sporer;

49. Reporter's transcript of criminal trial testimony of Marc Scott Taylor;

50. Reporter's transcript of criminal trial testimony of P.N.;

51. Reporter's transcript of criminal trial testimony of M.T.;

52. Reporter's transcript of criminal trial testimony of Paula Smith;

53. Reporter's transcript of criminal trial testimony of Justin Lopez;

54.    Reporter's transcript of criminal trial testimony of Mimi Wollitz;

55.    Reporter's transcript of criminal trial testimony of Veronica Drucker;

56.    Reporter's transcript of criminal trial testimony of Gregory Hanel;

57.    Reporter's transcript of criminal trial testimony of Shanna Kellams;

58.    Reporter's transcript of criminal trial testimony of Rex Davenport;

59.    Reporter's transcript of criminal trial testimony of D.L.;

60.    Reporter's transcript of criminal trial testimony of Kimberly Hernandez;

61.    Reporter's transcript of criminal trial testimony of Laura Rodriguez;

62.    Reporter's transcript of criminal trial testimony of Robert Maidment;

63.    Reporter's transcript of criminal trial testimony of Richard Figueroa;

64.    Reporter's transcript of criminal trial testimony of Jeffery Nicol;

65.    Reporter's transcript of criminal trial testimony of Wendala Sanchez;

66.    Reporter's transcript of criminal trial testimony of Erica Navejar;

67.    Reporter's transcript of criminal trial testimony of Ryan Daniels;

68.    Reporter's transcript of criminal trial testimony of Sophia Rivas;

69.    Reporter's transcript of criminal trial testimony of Juan Maldonado;

70.    Reporter's transcript of criminal trial testimony of Cesar Navejar;

71.    Defendant County of Kern's responses to Plaintiff's Requests for Admissions, Set One

72.    Defendant County of Kern's responses to Plaintiff's Requests for Production, Set One

73.    Defendant County of Kern's responses to Plaintiff's Requests for Production, Set Two

74.    Defendant County of Kern's responses to Plaintiff's Requests for Production, Set Three

75.    Defendant County of Kern's responses to Plaintiff's Special Interrogatories, Set One

In addition to the discovery documents listed above by Plaintiff, Defendants intend to use the following documents:

1.    Responses to Request for Production, Set One, propounded by Defendant Cesar Navejar to Jane Doe dated June 2, 2016;

2.    Responses Special Interrogatories, Set One, propounded by Defendant Cesar Navejar to Plaintiff Jane Doe dated August 19, 2016;

27

3.      Responses to Request for Admissions, Set One, propounded by Defendant Cesar Navejar to Plaintiff Jane Doe dated August 17, 2016;

4.      Responses to Request for Production, Set Two, by Defendant Navejar from Plaintiff Jane Doe dated August 17, 2016;

5.      All Rule 26 disclosures provided by Plaintiff Jane Doe, dated April 11, 2016, July 28, 2016, and October 31, 2016;

6.      Responses to Request for Production, Set One, by County of Kern from Plaintiff Jane Doe dated August 19, 2016;

7.      Responses to Special Interrogatories, Set One, by County of Kern from Plaintiff Jane Doe dated August 19, 2016

**L.      FURTHER DISCOVERY OR MOTIONS**

No further discovery or motions are contemplated, except that the parties expect to file motions in limine.

Defendant Navejar currently has a motion for clarification on an 827 petition order pending before the juvenile court.

**M.      MOTIONS IN LIMINE**

Any party may file motions in limine.  The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial.  "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  Luce v. United States, 469 U.S. 38, 40 n. 2 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose.  Id.

**In advance of filing any motion in limine, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine.  Along with their motions in limine, the parties SHALL file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute.  Failure to provide the certification may result in the Court refusing to entertain the motion.**

Any motions in limine must be filed with the Court by **May 25, 2017**.  The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court by **June 5, 2017**. The Court sets a hearing on the motions in limine on **June 19, 2017**, at 10:00 a.m.  Appearances via Courtcall are authorized.

The parties are reminded they may still object to the introduction of evidence during trial.

**N.    STIPULATIONS**

The parties have conferred and agree that Plaintiff's civil rights claim arises under the Fourteenth Amendment. Accordingly, the Fourteenth Amendment standard should be used, not an Eighth or Fourth Amendment standard.

The parties have entered into Stipulated Protective Orders pertaining to certain documents produced by Defendants and the County of Kern that are deemed confidential. The parties have stipulated that Plaintiff's experts, Daniel Marble and John Bacon, may only rely exclusively on materials that were discovered in the Navejar case for their opinions.

**O.    AMENDMENTS/ DISMISSALS**

None.

**P.    SETTLEMENT NEGOTIATIONS**

 **No later than May 12, 2017**, counsel **SHALL** file a joint statement indicating whether they believe a settlement conference may be fruitful and if so, proposed dates for the settlement conference.

**Q.    AGREED STATEMENT**

None

**R.    SEPARATE TRIAL OF ISSUES**

The plaintiff contends that there should be no bifurcation as to punitive damages unless defendant Navejar will pay the entirety of the award.  At the hearing, plaintiff claims bifurcation would be "unfair and misleading" if Mr. Navejar testifies to his relative poverty and it turn out that the County of Kern will indemnify him.  However, even if this is the case, whether the Court bifurcates the issue of the amount of punitive damages, plaintiff's concerns would not be addressed. Indeed, punitive damages may not be assessed against the entity.  Thus, it would be incongruous with this state

29

of the law to suggest that the assets of the County of Kern should be considered or that the plaintiff should be permitted to inform the jury that Mr. Navejar would not pay the award.

In any event, counsel reported that Mr. Navejar will not present evidence related to his financial condition and counsel for the County of Kern confirmed that there has been no agreement that it would pay any punitive award against Mr. Navejar and that no such decision would be made unless there is such an award imposed. Thus, the Court will try the amount of punitive damages in a second, though whether the plaintiff is entitled to these damages will be determined in the first phase.

The defense also seeks bifurcation of the <u>Monell</u> claims. The Court observes that attempting to try the <u>Monell</u> claim at the same time as the individual claim poses the great potential to confuse the jury. The jury may be tempted to impose liability on the individual for the wrongs of the entity, and vice versa. In addition, <u>Monell</u> liability may not be imposed if there is no liability on the individual. Thus, the court's resources and those of the parties as well as the valuable time of the jury would be preserved if the Court proceeds with bifurcation.

Consequently, the Court is inclined to bifurcate the <u>Monell</u> claim, which includes the "ratification" claim, but will await this determination until after briefs are filed addressing the extent to which testimony would overlap between the phases, if bifurcation occurs. The plaintiff may file her brief on the topic by **May 12, 2017**. Is she files such a brief, the defendants may file their opposition by **May 26, 2017** and the plaintiff may file an optional reply no later than **June 9, 2017**. **<u>If the plaintiff chooses not to file a brief on the topic, the Court will understand this to mean that the plaintiff withdraws her objection to bifurcation.</u>**

**S.     APPOINTMENT OF IMPARTIAL EXPERTS**

None requested.

**T.     ATTORNEYS' FEES**

The parties agree that the matter of the award of attorneys' fees to the prevailing party will be handled by motion in accordance with Local Rule 293.

**U.     TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **June 26, 2017**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California. Trial is expected to last 10-12days.

Counsel are reminded that issues that need to be raised outside of the presence of the jury should be planned so that these discussions occur at times, such as breaks or before or after the trial day, rather than when the jury is waiting. The Court will not allow the jury members to wait except in exceptional circumstances, which do not include that counsel failed to adequately prepare in advance.

## V.     TRIAL PROTECTIVE ORDER

The parties request, and the Court **ORDERS**, that any protective order or agreements entered into related to the handling of documents during discovery do not and will not apply to use of the evidence/information at trial. The Court agrees that pretrial documents may be filed on the public docket without seeking a sealing order but this does not preclude the parties from seeking a sealing order as to specific documents. If this will occur, the Court expects a request to seal will be filed immediately upon completing the meet and confer efforts related to motions in limine so as to not delay the filing of the motions.

## W.     TRIAL PREPARATION AND SUBMISSIONS

### 1.      Trial Briefs

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **June 9, 2017**.

### 2.      Jury Voir Dire

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **June 9, 2017**.

### 3.      Jury Instructions & Verdict Form

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **May 26, 2017.** The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **June 9, 2017**. At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **June 9, 2017**, and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury

instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

**If and only if, the parties after genuine, reasonable and good faith effort** cannot agree upon certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **June 9, 2017,** and identify such as the disputed jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible. All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the **complete** text of the instruction, and the legal authority supporting the instruction. Each instruction SHALL be numbered.

**4.      Statement of the Case**

The parties **SHALL** file a joint non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **June 9, 2017**. In the event they cannot agree on a joint statement, each side SHALL file a non-argumentative, brief statement of the case on or before **June 9, 2017.**

**X.      OBJECTIONS TO PRETRIAL ORDER**

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

**Y.      MISCELLANEOUS MATTERS**

No later than **May 12, 2017**, ounsel for Mr. Navejar SHALL file a status report related to his request for clarification of the Kern County Juvenile Court's order seeking consent to share all of the California Welfare & Institutions Code § 827 documents with the other parties.

**Z.      COMPLIANCE**

Strict compliance with this order and its requirements is mandatory. All parties and their

counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated: __April 27, 2017__                    _____/s/ Jennifer L. Thurston__
                                             UNITED STATES MAGISTRATE JUDGE