# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | Case No.: 1:15-cv-01637 - JLT |
| Plaintiff, | ORDER DIRECTING COUNSEL FOR DEFENDANT NAVEJAR TO DISCLOSE JUVENILE RECORDS |
| v. | |
| COUNTY OF KERN, et al., | |
| Defendants. | |

At the pretrial conference, the Court became aware that the Kern County Juvenile Court had authorized Mr. Weakley, counsel for Mr. Navejar, to receive certain juvenile records but there was uncertainty as to whether it provided the same access to the remaining parties in this case. Given this, no other counsel other than Mr. Navejar's attorney had received the records.

The Court required Mr. Weakley to provide a status report detailing the results of a motion for clarification made to the juvenile court. (Doc. 43 at 32) Mr. Weakley had sought to obtain the juvenile court's clarification whether it condoned sharing the juvenile records with the other parties to this case. Mr. Weakley has now lodged a copy of the minute order[1] from the juvenile court denying the motion for clarification. In the face of the obvious confusion of counsel in this matter, oddly, the order refused to indicate whether it intended the other parties to the action to have the juvenile records

---

[1] The Court notes that the juvenile court served copies of the order to all counsel to this matter.

1

because it felt, "the transcript is clear, and no clarification is necessary."

Under Welfare and Institutions Code § 827, the juvenile court is vested with the exclusive authority under California law, to determine when and to whom juvenile records may be disclosed and how disclosed records may be used. However, of course, § 827 does not bind this Court; rather, the use of these records is a discovery issue and manifest unfairness would result if all parties to this action do not have access to the same evidence. Moreover, the Court cannot conceive of how the juvenile court would have been justified in providing juvenile records only to one party to an action and withholding it from the others. Thus, the Court concludes that the juvenile court's recent order denying clarification can *only* mean that the juvenile court has already permitted the disclosure of these records.[2] Thus, the Court **ORDERS**:

1. **No later than May 5, 2017**, counsel for Mr. Navejar **SHALL** provide copies of all juvenile records at issue and to which other counsel have not been privy;

2. Counsel and the parties may use these records *only* in connection with this litigation, unless they seek and are granted a further order of this Court. They **SHALL** take steps to preserve their confidentiality otherwise;

3. In the event that any party wishes to supplement their exhibit or witness list due *only* to information gained from these newly disclosed records, they may file a request to do so **no later than May 19, 2017**;

4. The Clerk of the Court is DIRECTED to file the juvenile court minute order on the Court's docket under **SEAL**.

IT IS SO ORDERED.

   Dated:   **April 28, 2017**                  **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

---

[2] This conclusion is bolstered further by the juvenile court's reference to "a depository protocol," which would make sense only if the court authorized the disclosure of records to the other parties.